[L. A. No. 13552. In Bank.—January 24, 1933.]

SECURITY–FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), Respondent, v. J. D. MILLAR REALTY COMPANY (a Corporation) et al., Defendants; W. R. STEELE, Appellant.

278

N. B. Nelson for Appellant.

W. C. Shelton and George W. Burch, Jr., for Respondent.

PRESTON, J.—Defendant J. D. Millar Realty Company, a corporation, was indebted to plaintiff bank in the sum of about $60,000, which indebtedness was secured by an express trust to sell certain real property, designated in the record as trust No. 6280 and also by a similar trust designated in the record as trust No. 5155. Defendant and appellant Steele is a junior lien claimant on the real property affected by trust No. 6280. Plaintiff brought this action to foreclose said trusts as equitable mortgages and in addition prayed for the direction of a court of equity as to the marshaling of the moneys resulting from a sale of said real property. Said realty company, said W. R. Steele and several others were made defendants and all of them, including said Steele, defaulted or else disclaimed interest. A decree of foreclosure and sale and marshaling of assets followed as prayed. Said defendant W. R. Steele alone appealed.

Appellant has filed a perfunctory brief which does not comply with the provisions of rule V, subdivision 3 (Rules of the Supreme Court), regarding a statement of the legal questions involved. Appellant, however, does concede that said decree of foreclosure and order of sale thereunder were properly entered. He makes no offer to discharge the prior lien or to otherwise do equity in the premises. ▉ His sole ground of complaint is that the provisions of the decree giving so-called declaratory relief are in excess of the prayer of the complaint. This contention is plainly without a semblance of merit.

The complaint, in this connection, contained the following allegations: "Furthermore, that said plaintiff is unable

to determine, without a declaratory court decree, the chronological order in which the plaintiff may sell and apply the proceeds from trusts 6280 and 5155, respectively, in satisfaction of the said $65,000 note referred to in trust 6280, on which there remains an unpaid balance of $55,066.54, inasmuch as the defendant W. R. Steele appears to have a junior lien against J. D. Millar Realty Company under trust 6280, but has no interest under trust 5155. That the plaintiff cannot safely proceed with the foreclosure of the defendants' interest in and to the trusts 6280 and 5155 and interest in the real estate therein described, if any, until the court by a proper decree construes and determines the respective rights of the plaintiffs and the defendants in said trusts.''

The prayer of the complaint, so far as here material, is in substance as follows: ''6. That the court instruct and order said plaintiff to foreclose trusts #6280 and #5155 and to apply the proceeds therefrom in whatever manner the court believes the equities of the various parties demand, without in anywise depriving said plaintiff of any of its securities for said note. . . . 8. Judgment against the defendants for its costs of suit and that such sum, together with the sum of $55,066.54 and interest . . . with reasonable attorneys' fees, be adjudged to be a lien upon the property and the interest of the defendants under said trusts . . . and the property therein described, and that the interests of said . . . Realty Company and the other defendants in and to said trusts . . . and the property therein described, be ordered sold, pursuant to law, and the custom of this court, and that said amount due plaintiff . . . be paid from the proceeds of said sale; or in the event that the proceeds . . . are insufficient, that the plaintiff have judgment against the said . . . Realty Company for any deficiency which may remain; that the lien therein decreed and the title conveyed by said sale be adjudged superior to any right, title or interest which said defendants may have, and for such other and further relief as to the court may seem meet and proper. . . . 10. That the court construe said trusts #6280 and #5155 and give said plaintiff such declaratory relief as the court deems just in the premises. . . . ''

The decree in this respect merely provided for such a marshaling of the assets of the trust that the proceeds of trust No. 5155, in which appellant had no interest, should be first applied to the discharge of said indebtedness and in the event of its insufficiency for that purpose that the proceeds of trust No. 6280 be used for the same purpose. In other words, the decree protected appellant's rights and each provision thereof is in his favor and not against him.

The right to ask a court of equity for instructions under such circumstances as appear here exists independent of section 1060 of the Code of Civil Procedure, giving the right of action for declaratory relief.

Further discussion is unnecessary. The judgment is affirmed.

Shenk, J., Seawell, J., Langdon, J., Waste, C. J., and Curtis, J., concurred.