[L. A. No. 18085. In Bank. Feb. 25, 1943.]

SECURITY-FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), as Trustee, etc., Plaintiff and Respondent, v. MARY TRACY et al., Defendants and Respondents; ERNEST P. WELLMAN, Appellant.

Winterer & Ritchie and L. S. B. Ritchie for Appellant.

Ralph G. Miller, J. B. Mandel and Robert M. Kaufman for Plaintiff and Respondent.

Newby & Newby and Dee Holder for Defendants and Respondents.

GIBSON, C. J.—This is a companion case to *Larrabee* v. *Tracy*, L. A. 18084, *ante*, p. 645 [134 P.2d 265] but questions have been raised herein that have not been determined by that decision. On August 7, 1930, Mark H. Rice created a trust of certain real property, naming the plaintiff bank as trustee. The trust agreement provided that the trust was to terminate upon the death of the trustor, the property to be transferred according to the terms of his will. Rice died on August 6, 1931, and appellant Wellman, the residuary legatee, qualified as executor. The trustee, believing that the estate would be promptly closed, and with the consent of all the beneficiaries, allowed Wellman to possess and manage the real property. Thereafter the trustee repeatedly urged that Wellman close the estate, but Wellman failed to do so. In October, 1937, Wellman obtained an order from the probate court that he, as residuary legatee, was entitled to the one-sixth interest in the estate devised and bequeathed to Kate Chase, who had died before the will was executed. In May, 1938, the trustee brought this action for declaratory relief and for instructions, stating that a controversy had arisen as to the share left to Kate Chase. Plaintiff alleged that both Wellman and Kate Chase's daughter, Edith Larrabee, demanded this share, and that plaintiff was in doubt as to its rights and duties as trustee. It asked the court for directions for disposition of the trust property and, further, for the allowance of a reasonable sum out of the trust estate for the services of its attorney in this action. Both Wellman and Mrs. Larrabee filed answers to the complaint, each claiming the disputed share. Shortly after the commencement of this action Mrs. Larrabee brought an action in equity to set aside the probate order on the ground of extrinsic fraud practiced by Wellman. The superior court vacated the order and held Mrs. Larrabee was entitled to the legacy. (See *Larrabee* v. *Tracy, supra.*) On the same day the court rendered its judgment in the present action, similarly declar-

ing that Mrs. Larrabee was entitled to the property left to Kate Chase, instructing the trustee to convey the disputed share to her, and allowing a sum of $1,250 for attorney's fees. Wellman has appealed from this judgment, contending that the trustee could not maintain this action and that no attorney's fees should have been allowed.

The trustee, at the time this proceeding was commenced, was faced with conflicting demands threatening a possible double liability. It was entitled to judicial instructions as to its duties under the trust agreement. (See *Security-First Nat. Bk.* v. *J. D. Millar Realty Co.,* 217 Cal. 277 [18 P.2d 339].)

No error has been shown in the allowance of attorney's fees to the trustee. The trial court found that this action "was necessarily brought," and under section 2273 of the Civil Code a trustee "is entitled to the repayment, out of the trust property, of all expenses actually and properly incurred by him in the performance of his trust." Appellant has not objected to the amount of the allowance.

The judgment is affirmed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Peters, J. pro tem., concurred.